IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA WHIDDON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: |
| | § | 3:21-cv-814 |
| WEST ROCK SERVICES, LLC, | § | |
| TERN SERVICES, INC., and | § | JURY DEMAND |
| EUROMEX OF GEORGIA, INC. | § | |
| | § | |
| Defendant. | § | |

RECEIVED
2021 DEC 10  A 11: 37
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

### I. INTRODUCTION

1.   Plaintiff invokes jurisdiction under the Act of Congress known as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), and which provides for relief against discrimination in employment on the basis of gender and retaliation thereto.

### II. JURISDICTION AND VENUE

2.   The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202; and 42 U.S.C. §2000e-5(f)(3).

3.   Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

### III. ADMINISTRATIVE EXHAUSTION

4.   Plaintiff fulfilled all conditions precedent to the institution of this action

1

including those statutory requirements under Title VII. Plaintiff timely filed her Charge with the Equal Employment Opportunity Commission within 180 days of occurrence of the last discriminatory acts. Plaintiff also timely filed her claims with this Court within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

## IV.   PARTIES

5. Plaintiff, Linda Whiddon, is a female citizen of the United States, a resident of the State of Georgia.

6. Defendant, West Rock Services, LLC, is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

7. Defendant, Tern Services, Inc. is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

8. Defendant, Euromex of Georgia, Inc. is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## V.   STATEMENT OF FACTS

9. Plaintiff is a female formerly employed by the Defendants.

10. The Defendants terminated Plaintiff due to her sex and/or her complaints regarding unlawful sex discrimination.

11. In or around July of 2020, Plaintiff was assigned to the Defendants' "Inspection Station" when a male entered the room and began making sexually

charged statements about Plaintiff.

12. Plaintiff told said individual to stop making the comments, informed him that they were unwelcome, and asked that he leave.

13. The individual continued with his unwelcomed statements, cornered, and then touched Plaintiff.

14. Plaintiff again asked him to stop, and when he refused, Plaintiff ran to agents of the Defendants to report these events.

15. Plaintiff informed two agents of the events described above.

16. Plaintiff was then terminated in or around September 2020, and shortly after her complaint.

## VI. COUNT I: SEX DISCRIMINATION (SEXUAL HARASSMENT)

17. Plaintiff incorporates by reference paragraphs 1-16 above, as if fully set forth herein.

18. Plaintiff was discriminated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Due to her sex, Plaintiff experienced harassment, and this harassment created a sexually hostile work environment.

19. Plaintiff complained of sexual harassment to the Defendants and the Defendants failed to appropriately handle the complaint of sexual harassment.

20. The Defendants failed to take prompt remedial action to remedy the

harassment.

21. The Defendants acted with malice, and or reckless indifference toward Plaintiff.

22. Because of the Defendants' conduct, Plaintiff suffered severe emotional distress, embarrassment, and humiliation.

23. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein.

## VII. COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24. Plaintiff adopts and re-alleges paragraphs 1-16 above as if fully set forth herein.

25. During Plaintiff's employment with the Defendants, she was subjected to sex discrimination by a male employee.

26. Plaintiff made a complaint of a sexual assault and harassment incident.

27. Plaintiff was terminated shortly after her complaints regarding unlawful sex discrimination.

28. The proximity of Plaintiff's complaints and her termination show the causal connection between the two events.

29. As a result of the Defendants' conduct, Plaintiff was deprived of income and other benefits due to her and she suffered embarrassment, humiliation, inconvenience, and mental distress.

30. The Defendants willfully violated the proscription against retaliation under Title VII, with malicious disregard for the rights of Plaintiff.

31. Because of the Defendants' conduct, Plaintiff suffered severe emotional distress, embarrassment, and humiliation.

32. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein.

## VIII. ASSAULT AND BATTERY

33. Plaintiff adopts and re-alleges Paragraphs 2-4 above as if fully set forth herein.

34. Defendants' actions caused Plaintiff to be in apprehension of harmful or offensive contact.

35. The intentional touching of Plaintiff was unwelcome, harmful, and or offensive to Plaintiff.

36. The actions carried out by the Defendants' agents were within the scope of their employment.

37. The Defendants ratified and or condoned the conduct toward Plaintiff

38. As a result, Plaintiff suffered severe emotional distress, embarrassment, and humiliation.

## IX.  PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.  Issue a declaratory judgment that the policies, practices, procedures, conditions, and customs of the Defendants violate the rights of the plaintiff as secured by 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the pendent state law claims in this action.

B.  Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants and at the Defendants' request from continuing to violate 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

C.  Grant Plaintiff an order requiring the Defendants to make her whole by awarding her reinstatement into the position he would have occupied in the absence of the unlawful retaliation by the defendants with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding her compensatory, punitive, and/or nominal damages;

D.  Grant Plaintiff her attorney's fees, costs, and expenses; and

E.  Grant Plaintiff such other relief as justice requires.

F.  Grant Plaintiff any and all damages made available to her from the

Defendant's violation of the state law claims, including but not limited to lost wages and medical expenses.

Dated: December 10, 2021

                                          Respectfully submitted,

                                          /s/ Eric C. Sheffer
                                          **ERIC C. SHEFFER**
                                          Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

                **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                                          /s/ Eric C. Sheffer
                                          **ERIC C. SHEFFER**