IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LINDA WHIDDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-814-RAH |
| | ) [WO] |
| WESTROCK SERVICES, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |
| WESTROCK SERVICES, LLC, | ) |
| Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| ALABAMA MOTOR EXPRESS, INC., | ) ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

### BACKGROUND

On July 28, 2020, David Thompson, employed as a driver for Alabama Motor Express, Inc. (AMX), allegedly sexually harassed Linda Whiddon, an employee of Tern Services, Inc. (Tern), while Thompson was present at a paper mill facility operated by WestRock Services LLC (WestRock). Whiddon sued Tern, WestRock, and Euromex of Georgia, Inc. under Title VII for sexual harassment and retaliation, claiming among others that Tern and WestRock were Whiddon's employer for Title

1

VII purposes. Whiddon also claimed that she subsequently complained to WestRock about Thompson's actions and that WestRock failed to appropriately handle her complaint. Other than Thompson's conduct on July 28, 2020, Whiddon does not allege any further sexual harassment or other inappropriate conduct by Thompson.

On June 3, 2022, WestRock filed a Third-Party Complaint against AMX for indemnification, negligence, and breach of contract. AMX now moves to dismiss the Third-Party Complaint.

## LEGAL STANDARD

Because AMX's motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts WestRock's well-pleaded factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the operative complaint in WestRock's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of the pleadings, the Court is guided by a two-prong approach: (1) the Court is not bound to accept conclusory statements of the elements of a cause of action, and (2) "[w]here there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009). Since at least two of WestRock's claims are founded in a referenced contract between WestRock and AMX (the WestRock-AMX contract), and because no party has disputed the contract's authenticity, the Court can consider

the contract without converting the motion to one under Rule 56. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

"[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must instead contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## DISCUSSION

In its Motion to Dismiss, AMX argues the Third-Party Complaint should be dismissed because (1) the WestRock-AMX contract does not clearly and unequivocally require that AMX indemnify WestRock for WestRock's own wrongful conduct, (2) Alabama law prohibits contribution among joint tortfeasors, and (3) a party cannot be indemnified for its own Title VII liability.

**I.    Contract Claims (Counts One and Three)**

Counts One and Three of the Third-Party Complaint are founded upon the WestRock-AMX contract.[1] That contract contains an indemnification provision that

---

[1] In its response, WestRock suggests that Count One also asserts indemnification under Alabama common law. (Doc. 37 at 15–16.) The Court does not construe Count One as asserting such a claim. Instead, Count One's indemnification request is based in contract only.

3

requires AMX to indemnify, defend, and hold harmless WestRock "from and against any and all claims, causes of action, damages, claims for damages, liability, loss or expense, including attorney's fees and expenses of litigation . . . arising out of or in any way related to [AMX]'s performance or nonperformance of its obligations under this Agreement" and "from any and all Claims for (a) . . . consequential damages, incidental damages, special damages, bodily injury, emotional distress or death caused or alleged to be caused in whole or in part by the acts or omissions of [AMX] or anyone for whose acts [AMX] may be liable." (Doc. 35-2 at 9.) The contract also required AMX to "at all times comply with all applicable federal, state, municipal, and provincial laws, rules, and regulations." (*Id.* at 13.)

    AMX argues these two contract-based claims should be dismissed because (1) they violate the rule against contribution among joint tortfeasors and (2) nothing in the cited contractual language shows a clear and unequivocal agreement to indemnify WestRock for its own wrongful conduct, including the actions underlying Whiddon's Title VII claims for sexual harassment and retaliation.

    WestRock responds, arguing that it only seeks indemnification for Whiddon's sexual harassment claim (Count One). This claim is premised upon Thompson's conduct which, according to WestRock in its Third-Party Complaint, is the proximate cause of Whiddon's injuries. WestRock further argues that its separate contract claim (Count Three) is based upon AMX's breach of an altogether separate

4

provision of the contract: the provision requiring that AMX not violate federal, state, or municipal laws.

It is true that Alabama does not permit contribution among joint tortfeasors, *see Parkers Towing Co., Inc. v. Triangle Aggregates, Inc*., 143 So. 3d 159, 167 (Ala. 2013 ("The general rule in Alabama is that, in the absence of a statutory or contractual basis otherwise, there is no contribution or indemnity among joint tortfeasors."), but that doctrine has application in tort, not contract.  In the contractual context, Alabama courts have held that a party can contractually require another party to indemnify it for its own wrongful conduct, provided the contractual language clearly and unequivocally provides for it.  *E.g.*, *Royal Ins. Co. of Am. v. Whitaker Contracting Corp*., 824 So. 2d 747, 753 (Ala. 2002).  The Alabama Supreme Court has also noted that, in considering contractual indemnification provisions, courts should consider not only the contractual language, but also the identity of the draftsman and the parties' respective obligations, including the degree of control retained by the indemnitee over the activity or property giving rise to liability. *See Brown Mech. Contractors, Inc. v. Centennial Ins. Co.*, 431 So. 2d 932, 946 (Ala. 1983).

Here, it is premature at this point to determine whether there is an obligation to indemnify WestRock under the WestRock-AMX contract.  In its Third-Party Complaint, WestRock asserts the WestRock-AMX contract requires


indemnification because Whiddon's lawsuit is premised on the wrongful acts of AMX's employee (Thompson). Whiddon's lawsuit does indeed appear to focus on Thompson's actions on July 28, 2020. But Whiddon's allegations go further, as Whiddon also alleges that WestRock is being sued under an "employer" theory, thereby suggesting a form of derivative liability void of active conduct by WestRock and therefore arguably within the scope of the indemnification provision even under AMX's interpretation of the Westrock-AMC contract. (*See* Doc. 19 at 3 ("Both Tern and WestRock employed Plaintiff for purposes of Title VII . . . .").) Whiddon also alleges certain post-harassment active conduct on WestRock's part, such as a failure to address and respond adequately to Whiddon's complaint about Thompson's conduct, which is arguably outside the scope of the indemnification provision under the contract.

Those issues aside, nothing in Whiddon's First Amended Complaint or WestRock's Third-Party Complaint sets out the drafter of the WestRock-AMX contract, nor do they establish the respective obligations of each of the parties, including the details regarding the degree of control—considerations important to the determination of whether a right to contractual indemnification exists. And further, there is insufficient factual detail regarding Whiddon's claims against WestRock *vis-à-vis* Thompson and WestRock's conduct following Thompson's

alleged sexual harassment. Thus, these arguments are better suited for consideration at summary judgment upon a further developed record.

As an additional and belated argument for dismissal, AMX argues that public policy and congressional intent preclude WestRock from being indemnified for its own Title VII liability. On that point, there are scarce court decisions that support AMX's point. Unfortunately, the Eleventh Circuit has not spoken on the subject. Like with the rest of AMX's motion, this issue is better addressed at the summary judgment stage.

In short, AMX's argument for dismissal of Count One is best addressed at the summary judgment stage once a better record has been presented. Taking all allegations in the Third-Party Complaint as true, and considering the allegations in Whiddon's First Amended Complaint, the Court cannot conclude that Count One of the Third-Party Complaint for contractual indemnification completely fails to state a plausible claim upon which relief can be granted. After all, the First Amended Complaint can be construed as asserting liability against WestRock in its status as a claimed employer for the acts of Thompson, regardless of what may have been WestRock's response once it became aware of Thompson's conduct.

The same holds true of Count Three. AMX characterizes this claim as an indemnification claim by another name. WestRock asserts this claim is not an indemnification claim, but instead a separate standalone claim based on an altogether

different term of the WestRock-AMX contract. True enough, the cited contractual language does require that AMX at all times comply with all applicable federal and state laws, rules, and regulations, and according to WestRock, AMX has violated federal and state law through Thompson's actions. But Whiddon's First Amended Complaint does not expressly assert that AMX has violated federal or state law, even though it vaguely references an assault by Thompson. Thompson's actions, if assumed true, could constitute the violation of Alabama criminal law (assault, for example) for which WestRock is being sued. The Court concludes Count Three is plausible under the broad facts currently pled.

AMX's motion to dismiss Counts One and Three are due to be denied. The Court may revisit these claims at the summary judgment stage when the facts and allegations are better developed.

## II.    Negligence Claim (Count Two)

Count Two is a common law claim for negligence. That claim alleges that AMX and Thompson engaged in negligent conduct with a negligent disregard for Whiddon's rights or safety, and that WestRock has been sued because of that negligent conduct. AMX argues that this is nothing more than a common law indemnification claim that is precluded by the general rule prohibiting contribution among joint tortfeasors. WestRock argues that this claim is not an indemnification claim, but instead a claim based on AMX's employee's negligent conduct toward

Whiddon.  At this stage, this claim will be treated as an indemnification claim as urged by AMX.

Alabama law indeed prevents contribution among joint tortfeasors, and from all that appears, this claim is merely an attempt to obtain indemnification for AMX's conduct.  After all, as the claim asserts, AMX allegedly breached its duty to Whiddon, not WestRock. Because of that breach, WestRock has been sued.

But Alabama law does permit claims under a common law indemnification theory in certain limited circumstances.  And in general, these claims are premised upon a constructive fault theory, such as vicarious liability, when the indemnitee bears no active fault or negligence.  *See, e.g.*, *SouthTrust Bank v. Jones*, *Morrison, Womack & Dearing, P.C.*, 939 So. 2d 885, 902–03 (Ala. Civ. App. 2005) (citing cases and discussing common law indemnification in Alabama).  Here, though not the picture of clarity, Whiddon appears to advance a claim against WestRock under a constructive fault theory.  As such, the Court cannot dismiss the negligence claim at this stage based simply upon the rule of no contribution among joint tortfeasors.

If the Court were to treat the negligence claim as something distinctive from a common law indemnification claim, as WestRock argues, the Court has concerns whether it states an actionable claim for negligence, given the likely absence of a common law legal duty owed by AMX to WestRock, not to mention the inability to base a tort claim on the mere failure to perform a contractual obligation.  *See Blake*

*v. Bank of Am., N.A.*, 845 F. Supp. 2d 1206, 1210 (M.D. Ala. 2012) ("[A] negligent failure to perform a contract . . . is but a breach of the contract." (quoting *Vines v. Crescent Transit Co.*, 85 So. 2d 436, 440 (1956))). But since AMX did not move to dismiss Count Two for any reasons other than its joint tortfeasor theory, the Court will not undertake consideration of the issue as to whether the alleged duties breached by AMX and Thompson toward Whiddon can give rise to an independent claim for negligence that inures to the benefit of WestRock. As such, the Court will deny the motion to dismiss WestRock's negligence claim.

## CONCLUSION

Accordingly, it is

ORDERED that the Third-Party Defendant American Motor Express, Inc.'s Motion to Dismiss (Doc. 35) is DENIED.

**DONE**, on this the 14th day of October, 2022.

                                            /s/ R. Austin Huffaker, Jr.
                                            R. AUSTIN HUFFAKER, JR.
                                            UNITED STATES DISTRICT JUDGE